UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHON R. LUCIUS,

Petitioner,

-vs-

**DECISION AND ORDER**
No. 04-CV-6308

GARY H. FILION, Superintendent,

Respondent.

## INTRODUCTION

Petitioner Shon R. Lucius ("Lucius") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 seeking review of his conviction in Monroe County Court on March 4, 1998, on one count of second degree (intentional) murder. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Johnnie Mae Murray ("Murray") was last seen alive at approximately 12:30 a.m. on June 13, 1997, by some friends who said that she stopped by their house for a few beers, stayed for about forty-five minutes, and then drove away in her red Dodge Caravan. When Murray had not returned home by the next evening, her common law husband called the police and reported her missing.

Two days later, the police found the Dodge Caravan abandoned on Wadsworth Street with several of its windows broken. A pink blouse and a pair of panties covered in human excrement were found in the van. Murray's body was found floating face-down in the Genesee River on June 19, 1997. A bed sheet was wrapped around her neck and she had no clothing

below her waist. The cause of her death was strangulation.

On June 26, 1997, the police received a tip from a person named Anthony Martin ("Martin"), who said that a friend of his named "Shon" (Lucius) confessed to having killed Murray. One day, while driving with Lucius in a red Dodge Caravan that Martin recognized as belonging to Murray, Lucius told Martin, "I strangled that bitch and she shitted [*sic*] on herself." Martin related that he and Lucius sold drugs together, and Murray was one of Lucius's customers.

Martin agreed to wear a transmitter and record conversations with Lucius. On June 30, 1997, while laughing and listening to music, Lucius talked freely with Martin about how and why he killed Murray. Lucius was arrested on August 8, 1997, when he was observed driving a stolen car that had been used in a robbery the night before.[1]

At Lucius's trial on the charges relating to the murder of Murray and the theft of her minivan, the key witness was Martin. Another witness, who described himself as a friend of the defendant, testified that Lucius gave him a ride to Churchville in a red Dodge Caravan on June 15, 1997, two days after Murray had been reported missing. The prosecution also admitted the audiotapes of the conversations between Martin and Lucius, in which Lucius made numerous admissions regarding the homicide. Lucius did not testify at trial.

[1] Lucius was arraigned the next day on felony charges of assault and robbery, and, following a preliminary hearing in City Court, the matter was waived to the grand jury. On September 17, the prosecutor presented evidence to the grand jury regarding the assault and robbery charges, as well as evidence relating to Murray's murder. The resulting twelve-count indictment charged Lucius with three felonies relating to the murder (second degree murder, third degree criminal possession of stolen property, and third degree grand larceny); the remaining nine charges arose from the assault and robbery allegedly committed by Lucius on August 8, 1997. The assault and robbery charges were subsequently severed from the murder charges, and Lucius was tried solely on the murder charges. After he was convicted, he pled guilty to first degree assault in satisfaction of the charges relating to the August 8 incident. The trial court sentenced him to twelve and one-half to twenty-five years on that charge, to run concurrently with his sentence on the murder conviction.

The jury returned a verdict convicting Lucius of murder and criminal possession of stolen property and acquitting him of grand larceny. The trial court set aside the criminal possession conviction as being unsupported by the evidence. Lucius was sentenced to twenty-five years to life on the murder conviction.

The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed Lucius's conviction on direct appeal. The New York Court of Appeals denied leave to appeal.

In his federal habeas petition, Lucius asserts several claims relating to the denial of his right to testify before the grand jury and that appellate counsel was ineffective in failing to argue that petitioner was deprived of his right to testify before the grand jury. *See generally* Petitioner's Traverse (Docket #7-2). For the reasons set forth below, habeas relief is denied and the petition is dismissed.

**ANALYSIS**

**1. Claims Relating to Defects in the Grand Jury Proceeding**

Lucius's first three claims all relate to alleged defects in the grand jury proceeding. He asserts that (i) the "State's employment of an Elapsed Commencement adversely frustrated the procedures set forth in [New York Criminal Procedure Law] §§ 100.05 and 210.10(3) when commencing the June Crimes;" (ii) he was deprived of his state statutory right to appear before the grand jury; (iii) the "Elapsed Commencement of the June Crimes, by implication, denie[d] Petitioner the Sixth Amendment right to Assistance of Counsel with respect to the June Crimes at the critical accusatory stage of the grand jury because Petitioner was unable to make an informed decision as to whether or not to exercise his sole opportunity to appear before the grand

jury." *See* Petitioner's Traverse (Docket #7-2).

None of these claims is cognizable on federal habeas review because a defendant's right to testify before the grand jury is not a federal constitutional right; rather, it is a statutorily created right in New York. N.Y. Crim. Proc. Law § 190.50(5)(a) ("When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent."). As the New York Court of Appeals has explained, a "defendant's right to appear as a witness before the Grand Jury, in contrast to his Sixth Amendment constitutional right to submit evidence on his own behalf at trial, is derived exclusively from statute[.]" *People v. Smith*, 87 N.Y.2d 715, 724, 665 N.E.2d 138 (N.Y. 1996) (citing N.Y. Crim. Proc. Law § 190.50(5)). "Indeed, defendants enjoyed no legal right to appear before the Grand Jury until the Legislature authorized it in 1940[.]" *Id.* (citing Preiser, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 11A, N.Y. Crim. Proc. Law 190.50, at 284; L 1940, ch 643). Thus, Lucius's second claim–that he was denied his right to testify before the grand jury–is not cognizable on federal habeas review because the right to testify before the grand jury is not a matter of federal constitutional law. 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Lucius's first claim, relating to the so-called "elapsed commencement," alleges merely that the prosecutor failed to comply with certain state statutory procedures regarding the grand jury proceeding. Because he is asserting only an alleged violation of state law, the claim is not cognizable on federal habeas review. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. at 68.

Lucius's third claim is that he was denied effective assistance of counsel in deciding whether or not to testify because of alleged inadequate notice of the presentation of charges not contained in the felony complaint. This cannot provide a basis for federal habeas relief. First, New York Criminal Procedure Law § 190.50(5) does not impose upon the prosecution an obligation to provide notice of separate charges presented to a grand jury that are not included in a pending felony complaint. *People v. Clark*, 240 A.D.2d 325, 325, 660 N.Y.S.2d 114 (App. Div. 1st Dept. 1997). Furthermore, when Lucius presented this claim on direct appeal, it was framed only as a violation of New York state's constitution and statutory law. *See* Petitioner's Appellate Brief at 13, Respondent's Appendix C at 21 (citing N.Y. Const. art. I § 6; *People v. Evans*, 79 N.Y.2d 407, 414, 592 N.E.2d 1362 (N.Y.1972) (noting that the right to testify before the grand jury is a "valued statutory option"); *People v. Iannone*, 45 N.Y.2d 589, 594 n.3 (1978) ("The right to indictment by a Grand Jury in New York is dependent solely upon our State Constitution, since the Grand Jury provision contained in the Fifth Amendment to the Federal Constitution is not applicable to the States[.]") (citing, *e.g.*, *Peters v. Kiff*, 407 U.S. 493, 496 (1972) (holding that the grand jury provision of the Fifth Amendment to the United States Constitution is *not* applicable to the States)). As the foregoing cases make clear, Lucius's claim that he was denied his right to counsel in deciding whether or not to testify before the grand jury presents only a question of state statutory law and does not present a federal constitutional

question cognizable on habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. at 68.

In his Traverse, Lucius cites *Saldana v. State of New York*, 665 F. Supp. 271 (S.D.N.Y. 1987), in which the district court granted habeas relief on the basis that petitioner was denied his statutory right under New York law to appear before the grand jury. However, the Second Circuit reversed the granting of the writ. *Saldana v. State of New York*, 850 F.2d 117 (2d Cir. 1988), *cert. denied*, 488 U.S. 1029 (1989). After reviewing the evidence presented at trial, and "how unlikely it [was] that any testimony by [the petitioner] himself . . . could have made any difference in the charges filed by the grand jury," the Second Circuit held that the petitioner "[was] not entitled to relief in the federal courts because the State's failure to allow him to testify before the grand jury could not have made any constitutional difference because he suffered no prejudice." *Id.* at 119. Less than six months later, having failed to "reach the propriety of raising a challenge to state grand jury proceedings in a habeas corpus petition" in *Saldana*, due to its finding that the petitioner in that case suffered no prejudice, the Second Circuit in *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989), held that such challenges in fact were not cognizable on federal habeas review.

The *Lopez* court considered the Supreme Court's holding in *United States v. Mechanik*, 475 U.S. 66 (1986), to be dispositive on this issue. In the context of an attack on a federal grand jury proceeding, the *Mechanik* court stated:

> [T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

*Id.* at 70. Following the reasoning of *Mechanik*, the *Lopez* court held that "[i]f federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court." *Lopez*, 865 F.2d at 32. Based on the foregoing, any alleged deficiency in the grand jury proceeding caused by the State's alleged failure to give Lucius an opportunity to testify at the proceeding was cured by his conviction by the petit jury. The holdings of *Lopez* and *Mechanik* provide a further basis for dismissal of Lucius's claims relating to the grand jury proceeding.

**2. Ineffective Assistance of Appellate Counsel**

Lucius contends that appellate counsel was ineffective in failing to argue that Lucius was erroneously denied of his right to testify before the grand jury and that trial counsel was ineffective in failing to secure an opportunity for Lucius to testify.

A claim for ineffective assistance of appellate counsel is evaluated upon the same standard as is a claim of ineffective assistance of trial counsel. *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (citing *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992)), *cert. denied*, 508 U.S. 912 (1993)). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. *Mayo,* 13 F.3d at 533-34; *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir. 2001).

On direct appeal, appellate counsel did raise an issue concerning petitioner's alleged denial of the right to testify before the grand jury, arguing that the trial court erred in denying

trial counsel's motion to dismiss the indictment on the ground that the prosecution had failed to provide Lucius with notice of his right to testify before that body. The state appellate court disagreed that the trial court erred:

> The District Attorney has no obligation to provide a person with notice that a matter will be presented to a Grand Jury unless such person has been arraigned in a local criminal court on a "currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" ([New York Criminal Procedure Law] 190.50[5][a]). Here, it is undisputed that the murder and related charges were never the subject of a felony complaint in the local criminal court and thus, contrary to defendant's contention, there was no notice requirement pursuant to [New York Criminal Procedure Law] 190.50[5][a]. The fact that the District Attorney notified defendant of the Grand Jury proceeding concerning unrelated assault and robbery charges and his right to appear as a witness on those charges does not require a contrary result. In any event, defendant failed to serve upon the District Attorney written notice of his intent to testify with respect to those charges (*see*, [New York Criminal Procedure Law] 190.50[5][a]).

*People v. Lucius*, 289 A.D.2d 963, 737 N.Y.S.2d 717 (App. Div. 4th 2001) (some citations omitted).

As to the claim of ineffective assistance of trial counsel, the New York Court of Appeals has held that trial counsel's "failure to timely facilitate defendant's intention to testify before the Grand Jury does not, *per se*, amount to a denial of effective assistance of counsel under the circumstance of this case[.]" *People v. Wiggins*, 89 N.Y.2d 872, 872-74 675 N.E.2d 845 (N.Y. 1996) (citing *People v. Sturgis*, 199 A.D.2d 549, 550, 606 N.Y.S.2d 241 (App. Div. 2d Dept. 1993), *lv. denied*, 84 N.Y.2d 833, 641 N.E.2d 174 (N.Y. 1994); *accord People v. Anderson*, 25 A.D.3d 338, 808 N.Y.S.2d 638 (App. Div. 1st Dept. 2006) ("Counsel's failure to effectuate defendant's right to testify before the grand jury did not constitute ineffective assistance[.]"); *see also Velez v. People of State of N.Y.*, 941 F. Supp. 300, 316 n. (S.D.N.Y. 1996) (citing *People v. Turner*, 187 A.D.2d 469, 589 N.Y.S.2d 895, 897 (App. Div. 2d Dept. 1992) ("[C]ounsel's failure

to comply with [defendant's] desire to testify would not, standing alone, amount to a denial of the effective assistance of counsel[.]"), *appeal denied*, 81 N.Y.2d 894, 597 N.Y.S.2d 956, 613 N.E.2d 988 (N.Y. 1993); *People v. Hunter*, 169 A.D.2d 538, 564 N.Y.S.2d 391, 392 (App. Div. 1st Dept.), *appeal denied*, 77 N.Y.2d 907, 569 N.Y.S.2d 939, 572 N.E.2d 622 (N.Y. 1991); *People v. Sylvester*, 165 A.D.2d 920, 560 N.Y.S.2d 530, 532 (3d Dept. 1990); *People v. Planthaber*, 131 A.D.2d 927, 516 N.Y.S.2d 529, 530-31 (App. Div. 3d Dept.), *appeal denied*, 70 N.Y.2d 803, 522 N.Y.S.2d 120, 516 N.E.2d 1233 (N.Y. 1987)). In *Wiggins*, the court of appeals explained that "[n]otably, when a judgment of conviction has been rendered based upon legally sufficient trial evidence, appellate review of a claim alleging insufficiency of grand jury evidence is barred" under New York Criminal Procedure Law § 210.30(6). The court in *Wiggins* reasoned that "[t]o elevate the kind of representational lapse, as occurred here at the Grand Jury phase, to an automatic delayed reversal device would be anomalous in the face of these overarching guideposts." *Id.*[2]

---

[2] Courts in this Circuit consistently have rejected habeas petitioners' attempts to premise ineffective assistance of counsel claims on the failure to effectuate the state statutory right to testify before the grand jury. *Davis v. Mantello*, No. 01-2264, 42 Fed. Appx. 488, 491 n. 1, 2002 WL 1032687 at *2 n. 1 (2d Cir. May 22, 2002) ("New York courts have consistently held that counsel's failure to ensure that the defendant testifies before the grand jury does not amount to ineffective assistance of counsel.") (citations omitted), *cert. denied*, 538 U.S. 986 (2003); *Dickens v. Filion*, 02 Civ. 3450, 2002 WL 31477701 at *15 (S.D.N.Y. Nov. 6, 2002), report & rec. adopted, 2003 WL 1621702 (S.D.N.Y. Mar. 28, 2003); *Turner v. Fischer*, Nos. 01-CV-3251, 03-MISC-0066, 2003 WL 22284177 at *6 (E.D.N.Y. Aug. 20, 2003) (Even "[a]ssuming . . . counsel waived [petitioner's] right to appear before the grand jury without petitioner's permission, petitioner cannot demonstrate that he was prejudiced thereby. He was afforded a jury trial and was convicted by a petit jury after testifying before it. Any prejudice suffered by petitioner was rendered harmless by his conviction at trial by the petit jury, which assessed his guilt under a heightened standard of proof."); *Keeling v. Varner*, Nos. 99-CV-6565, 03-MISC-0066, 2003 WL 21919433 at *7 (E.D.N.Y. June 17, 2003) ("Petitioner claims his counsel was ineffective because he did not inform him of his right to testify before the grand jury . . . .Claims regarding the conduct of the grand jury are not cognizable in a habeas proceeding where a petit jury has heard the evidence and convicted defendant . . . . Counsel was not ineffective in this regard. Petitioner's fair trial and due process rights were not infringed."); *Wilson v. Breslin*, 217 F.R.D. 119, 126 (E.D.N.Y. 2003) (Even if petitioner was denied his right to testify before the grand jury, trial counsel was "not ineffective for failing to raise this claim before the trial court" since "[h]abeas relief is not warranted on this ground. The evidence of guilt at trial made irrelevant whatever grand jury error existed."); *Bingham v. Duncan*, 01 Civ. 1371, 2003 WL 21360084 at *4 (S.D.N.Y. June 12, 2003) (rejecting petitioner's claim that counsel was ineffective for failing to secure petitioner's right to testify before the grand jury: "Given that any defect in the grand jury proceeding was cured by petitioner's

Lucius has not indicated what he would have said to the grand jury to prevent that body from indicting him for Murray's murder. Indeed, given Lucius's criminal history, it would have been a sound tactical choice on trial counsel's part to recommend that Lucius not testify in the grand jury since doing so would expose him to cross-examination about prior bad conduct. New York's legislature has "expressly provided that the statutory right is conditioned upon the defendant's willingness to waive the privilege against self-incrimination and subject himself to cross-examination by the District Attorney[.]" *People v. Smith*, 87 N.Y.2d 715, 724, 665 N.E.2d 138 (N.Y. 1996) (dissenting opn.) (citing N.Y. Crim. Proc. Law §§ 190.50(5)(b); 190.45(4); *People v. Evans*, 79 N.Y.2d at 413-14; *People v. Corrigan*, 80 N.Y.2d 326, 332, 604 N.E.2d 723 (N.Y. 1992)). Notably, a defendant who agrees to testify in the grand jury cannot limit the scope of cross-examination except upon agreement of the district attorney, who is statutorily authorized to fully question a defendant choosing to testify on relevant matters, including his credibility. *Id.* (citing N.Y. Crim. Proc. Law §§ 190.50(5)(b); 190.45(4)).

---

subsequent conviction, . . . it necessarily follows as a matter of law that petitioner cannot establish that any errors made by his trial counsel with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Sixth Amendment violation.") (internal quotation omitted); *Hutchings v. Herbert*, 260 F. Supp.2d 571, 578 & n. 2 (W.D.N.Y. 2003) (Petitioner's "guilty plea cured any defect in the grand jury proceeding caused by the State's alleged failure to give [petitioner] an opportunity to appear before that body. It necessarily follows as a matter of law that [petitioner] cannot establish that any errors made by his trial attorney with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Sixth Amendment violation." Also, by failing to show "what he would have told the grand jury that would have prevented his indictment," petitioner "failed to demonstrate any prejudice from the alleged failure of his attorney to ensure an opportunity for him to testify before the grand jury.") (& cases cited therein); *Cates v. Senkowski*, 02 Civ. 5957, 2003 WL 1563777 at *3 (S.D.N.Y. Mar. 17, 2003) (rejecting petitioner's claim that counsel was ineffective for failing to ensure petitioner's ability to testify before the grand jury: "Even if petitioner could establish that his counsel's assistance fell below an objective standard, he definitely has not satisfied *Strickland*'s requirement of prejudice. . . .[C]onviction by the petit jury cures any prejudice from such an error during the grand jury proceedings."); *Acosta v. Couture*, 99 Civ. 9727, 2003 WL 272052 at *8 (S.D.N.Y. Jan. 23, 2003) ("'[C]ounsel's failure to secure [a defendant's] right to testify before the grand jury does not, by itself, establish ineffective assistance of counsel.' . . . 'Although [petitioner] had a state statutory right to testify before the grand jury, he did not have a constitutional right and counsel's decision not to have him testify does not render his performance deficient.'") (& cases cited therein) (quoting *Boyd v. Hawk*, 965 F. Supp. 443, 451 (S.D.N.Y. 1997).

In sum, because appellate counsel did argue on direct appeal that Lucius was denied his right to testify in the grand jury, Lucius's habeas claim that appellate counsel was ineffective in failing to make such an argument is without any factual basis. Furthermore, because an argument regarding ineffective assistance of trial counsel most likely would not have been successful on appeal, Lucius was not prejudiced by appellate counsel's failure to include one. Omission of insignificant claims that will likely be unsuccessful does not prejudice a defendant. *See Mayo*, 13 F.3d at 534 ("To establish prejudice in the appellate context, a petitioner must demonstrate that 'there was a "reasonable probability" that [his] claim would have been successful . . . .'" (alteration in original) (quoting *Claudio v. Scully*, 982 F.2d at 803). Because Lucius cannot establish prejudice, there is no need for the Court to determine whether appellate counsel's performance was objectively unreasonable. *See Strickland v. Washington*, 466 U.S. 688, 697 (1984). Habeas relief is not warranted on this claim.

**CONCLUSION**

For the reasons stated above, Shon R. Lucius's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Lucius has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253. I further certify that pursuant to 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: May 23, 2006
Rochester, New York.